# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. MORGAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-00651 |
| v. | (JUDGE CAPUTO) |
| COVINGTON TOWNSHIP, SGT. BERNARD KLOCKO, Individually, THOMAS M. YERKE, Township Chairman, Individually, | |
| Defendants, | |

## **MEMORANDUM**

Presently before the Court is Defendants' Motion to Dismiss (Doc. 7.) This Court will grant the Motion to Dismiss because Plaintiff's claim is barred by claim preclusion.

## **BACKGROUND**

### 1. FACTUAL BACKGROUND

Plaintiff William A. Morgan ("Morgan") filed the instant complaint on April 9, 2009. (Doc. 1.) In the complaint, he alleges that he was a police officer for Covington Township for six (6) years. (Doc. 1, ¶ 8.) On August 17, 2007, Morgan was indefinitely suspended for allegedly committing the crime of "official oppression, intimidation of witnesses or victims and/or retaliation against a witness, victim or party." (Doc. 1, ¶¶ 10-11.) Morgan petitioned the Defendant Covington Township ("the Township") for redress of his suspension on August 22, 2007. (*Id.* ¶ 12.) Two days later, the Township filed charges against Morgan with the Pennsylvania State Police, but the police did not further prosecute the alleged crimes. (*Id.* ¶¶ 13-14.) Then, the Township filed charges against Morgan with the Lackawanna County

District Attorney's Office, who also did not further prosecute the alleged crimes. (*Id.* ¶¶ 15-16.) On October 27, 2007, Morgan filed a lawsuit in the Middle District of Pennsylvania, Civil Case No. 3:07-cv-01972, alleging violations of Morgan's Due Process rights, violations of the First Amendment based on retaliation in the form of filing criminal charges against Morgan for petitioning the Township for redress, and failure to train the Township employees not to violate constitutional rights. On January 15, 2008, Morgan was fired, allegedly in retaliation for his petition for redress and filing the aforementioned lawsuit. (*Id.* ¶ 18.)

## 2. PROCEDURAL HISTORY

Because the instant motion seeks to dismiss Plaintiff's complaint on grounds of issue preclusion, claim preclusion and laches, it is necessary to discuss the procedural history of the previous, related case. As noted above, the complaint in Plaintiff's prior case (hereinafter *Morgan I*), was filed on October 27, 2007; that suit was against precisely the same defendants as the current suit (hereinafter *Morgan II*). On February 21, 2008, this chambers issued a Case Management Order in *Morgan I* that set the deadline for filing amended pleadings as August 1, 2008. Defendants filed a motion for summary judgment on November 28, 2008; this Court granted summary judgment for the Defendants on the Due Process and failure to train claims, but denied summary judgment on the retaliation claim. *See Morgan v. Covington Township*, No. 3:07-cv-1972, 2009 WL 585480, at \*14 (M.D. Pa. Mar. 6, 2009). In its opinion, this Court repeatedly emphasized that the retaliatory conduct being examined in *Morgan I* was not suspension, or termination, but only the narrow question of whether referring Morgan to the Pennsylvania State Police and Lackawanna County District Attorney's Office constituted retaliation in violation of the First Amendment. *Id.* at \*12.

2

Trial was set for *Morgan I* on April 20, 2009. On April 7, 2009, a pretrial conference was held in which Plaintiff's counsel was informed that she would not be allowed to include Morgan's termination in her suit as she had failed to amend the complaint to include the termination, all dispositive motions had been decided solely on the Township's referral of Morgan's case to the aforementioned law enforcement agencies, and trial was less than two weeks away. The complaint in this case was filed two days later, alleging retaliation in violation of the Morgan's First Amendment rights based on his termination and referral to the State Police and the Lackawanna County District Attorney. In a footnote, Plaintiff's counsel stated that Morgan believed that "the termination was a continuing course of retaliatory conduct since it flows from the same initial events triggering the retaliation."

After a three day trial in *Morgan I*, a jury found that Defendants Covington Township and Yerke had retaliated against Morgan for exercising his First Amendment Rights, but that all Defendants would have taken the same action even if Morgan had not tried to exercise said rights. (Doc. 7, Ex. C.) As a result, a judgment was entered in favor of Defendants. (Doc. 7, Ex. D.) Notice of Appeal was filed by Plaintiff in *Morgan I* on May 22, 2009.

On June 10, 2009, Defendants filed the instant Motion to Dismiss in *Morgan II*, arguing that Plaintiff should be precluded from filing the claims in *Morgan II* based on the doctrines of *res judicata* (claim preclusion), collateral estoppel (issue preclusion), and laches. Defendants' motion has been thoroughly briefed and is currently ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is

3

appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

*Res judicata*, or claim preclusion, requires a showing that there has been 1) a final judgment on the merits in a prior suit, 2) that the prior suit involved the same parties or their privies, and 3) a subsequent suit based on the same causes of action. *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983 (3d Cir. 1984) (citations omitted). The doctrine of claim preclusion rests on the theory that "parties should not have to litigate issues which they have already litigated *or had a reasonable opportunity to litigate*." *Williamson v. Columbia Gas & Electric Corp*., 186 F.2d 464, 469 (3d Cir. 1950) (emphasis added).

As for the first prong of this test, it has been long settled that where the judgment of a federal court determines rights under a federal statute, that decision is final until it is either a) modified or set aside by the rendering court or b) reversed by an appellate court. *Delaware Valley Citizens' Council for Clean Air v. Commonwealth of Pennsylvania*, 755

5

F.2d 38, 44 (3d Cir. 1985) (quoting *Stoll v. Gottlieb*, 305 U.S. 165, 170 (1938)). The Supreme Court has held that "[a]ny other conclusion strikes down the very foundation of the doctrine of res judicata . . . and is a virtual abandonment of the final power of the Federal courts to protect all who come before them relying upon rights ... established by the judgments of the Federal courts." *Id.* (quoting *Deposit Bank v. Frankfort*, 191 U.S. 499, 520 (1903)). Furthermore, it is the widely held view that "judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial *de novo*." RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982).

Regarding the third prong of the claim preclusion test, the Third Circuit Court of Appeals has "indicated a predisposition towards taking a broad view of what constitutes identity of causes of action." *Athlone*, 746 F.2d at 984. Rather than engage in "mechanical application of single test," Third Circuit law focuses on the "central purpose" of claim preclusion;" namely, "requiring that a plaintiff present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence." *Id.* (internal quotations omitted). Ultimately, claim preclusion is meant to prevent a party from litigating a claim that it could have raised in a prior proceeding in which it raised another claim based on the same cause of action. *Corestates Bank v. Huls America, Inc.*, 176 F.3d. 187, 191 (3d Cir. 1999).

In this case, the first two prongs of the claim preclusion test are clearly met. Despite the argument in Plaintiff's brief that the first prong of the analysis is not satisfied because of the pending appeal, a review of the pertinent precedent clearly demonstrates that the jury verdict in *Morgan I* remains final until it is overturned by the court of appeals.

6

Plaintiff admits that the second prong is met in his brief, as this case involves exactly the same plaintiffs and defendants as *Morgan I*.

The third prong of the *res judicata* test is also met in this instance. Plaintiff argues that the acts in this suit are different from *Morgan I* because this case involves retaliation in the form of termination, whereas *Morgan I* was based on the Township's referral of Morgan's case to various law enforcement agencies. However, Plaintiff's brief clearly admits "[u]ltimately, a party is barred by *res judicata* if the claim was raised *or could have been raised* in a prior proceeding based on the same cause of action." (Pl.'s Br. at 7.) Plaintiff further argues that his termination came to light after the filing of the complaint in *Morgan I* and, thus, that claim could not have been filed in *Morgan I.* According to Plaintiff's brief, "[n]o mention of the Plaintiff's termination was made in the initial suit, as it occurred after the suit's filing." (Pl.'s Br. at 9.)

Plaintiffs first argument fails because it completely overlooks the central purpose of claim preclusion, requiring that all claims arising out of a single transaction or occurrence must be brought in one suit. To the extent that these retaliations actions are even separate claims, they certainly arose out of the same transaction. In fact, Plaintiff's complaint states that the claims in this case flow "from the same initial event triggering retaliation" as *Morgan I*. The same operative facts are at issue; Plaintiff was charged with a crime by his superiors, he engaged in protected First Amendment activity as a result, and was allegedly subjected to retaliation for engaging in these protected activities. Both cases arise from the same transaction or occurrence, and as such, Plaintiff should have brought all potential claims arising out of this transaction in *Morgan I*. Allowing Plaintiff to

bring this second retaliation claim would frustrate the central purpose of *res judicata*.

Plaintiff's second argument is also not persuasive. It is disingenuous for Plaintiff to argue that a claim arising out of the termination could not have been made in *Morgan I* simply because the termination occurred after the original complaint was filed. The termination at issue occurred on January 15, 2008. That was over one month before the Case Management Order was issued on February 21, 2008. It was over six (6) months before amended pleadings were due on August 1, 2008. It was well over a year before trial started. If Plaintiff wished to amend the complaint to include the termination claim, there was ample time to do so. It was not until the pre-trial conference, less that two weeks before trial, that Plaintiff's counsel attempted to argue the claims and damages potentially incurred by the termination. When this Court properly denied these claims because they had not been included in any of the pleadings or motions leading up to trial, Plaintiff attempted to file this lawsuit as a last-ditch effort to preserve these claims. While it is true that "[n]o mention of the Plaintiff's termination was made in the initial suit," it was Plaintiff's duty to "mention" the termination and he failed to do so. It is unclear who Plaintiff expected to mention the termination other than Plaintiff's counsel, who failed to do so by not seeking a timely amendment to the complaint.

*Res judicata* is intended to preclude a party from re-litigating any claim that was made or *could have been made* at the time of the first litigation. As noted above, Plaintiff had several months to amend the original complaint to include his termination. Clearly then, this claim could have been made in *Morgan I*, but Plaintiff failed to do so. As such, he is precluded from re-litigating this claim in this subsequent lawsuit. Therefore, because

all three prongs of the test for claim preclusion are met, Plaintiff's claim is barred and Defendants' Motion to Dismiss will be granted. Because this claim is barred based on claim preclusion, this Court need not reach the issues of collateral estoppel or laches at this time.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss will be granted. An appropriate order follows.


November 12, 2009 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM A. MORGAN, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-00651 |
| v. | |
| COVINGTON TOWNSHIP, SGT. BERNARD KLOCKO, Individually, THOMAS M. YERKE, Township Chairman, Individually, | (JUDGE CAPUTO) |
| Defendants. | |

## **ORDER**

**NOW**, this 12th day of November, 2009, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED**. The Clerk of Court shall mark this case as **CLOSED**.

                                             /s/ A. Richard Caputo  
                                             A. Richard Caputo  
                                             United States District Judge