**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM A. MORGAN,<br><br>    Plaintiff,<br><br>        v.<br><br>COVINGTON TOWNSHIP, SGT. BERNARD KLOCKO, Individually, THOMAS M. YERKE, Township Chairman, Individually,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-09-0651<br><br>(JUDGE CAPUTO) |

**MEMORANDUM**

Presently before the Court is the Motion for Summary Judgment (Doc. 22) filed by Defendants Covington Township (the "Township"), Sergeant Bernard Klocko ("Sergeant Klocko"), and Thomas Yerke ("Yerke") (collectively, "Defendants"). This lawsuit, the second of two federal lawsuits brought by Plaintiff William A. Morgan ("Morgan") against Defendants, alleges he was terminated from his employment with the Township in retaliation for filing the first action. Defendants contend, however, that the doctrines of collateral estoppel and *res judicata* preclude Morgan from relitigating his retaliation claim in this action, or, alternatively, that his claim is barred by the doctrine of laches. Because the issue in this action was not previously litigated, the event giving rise to the claim in this case postdates the filing of the complaint in the first action, and Defendants have not established that they were prejudiced as a result of Morgan's delay in commencing the instant action, the motion for summary judgment will be denied.

**I. Background**

This action is the second federal lawsuit commenced by Morgan, a former Covington Township Police Officer, against the Township, Sergeant Klocko, and Yerke. In the present case, Morgan alleges that Defendants terminated his employment because he filed the previous lawsuit and petitioned the Government for redress. (*Compl.*, ¶ 18.)

In moving for summary judgment, Defendants assert that this action is precluded by the prior lawsuit. Since Defendants' motion is based on the impact of the previous lawsuit on this litigation, it is necessary to detail the facts and history of the prior, related case.

**A.    The 2007 Action**

Morgan commenced the prior action against the Township, Sergeant Klocko, and Yerke, the same Defendants as in this case, on October 27, 2007. *See Morgan v. Covington Twp., et al.*, 3:07-cv-01972, (M.D. Pa. Oct. 27, 2007), ECF No. 1 (the "2007 Action"). The action stemmed from incidents that occurred in 2007 which resulted in disciplinary charges being brought against Morgan. After the Township filed disciplinary charges against him, Morgan invoked his right to a public hearing on the charges. *See Morgan v. Covington Twp.*, No. 07-1972, 2009 WL 585480, at *3 (M.D. Pa. Mar. 6, 2009). Shortly thereafter, the disciplinary charges were suspended when Sergeant Klocko notified the Pennsylvania State Police of Morgan's possible commission of "official oppression." Morgan was placed on administrative leave with pay. *See id*. After the Pennsylvania State Police declined to investigate the claim, the case was referred to the Lackawanna County District Attorney. *See id*. The District Attorney determined that Morgan's actions did not rise to the level of criminal activity. *See id*.

The disciplinary charges against Morgan were then reinstated along with new charges. *See id*. Morgan was also continued on administrative leave with pay. *See id*. A public hearing was scheduled for October 5, 2007, then rescheduled for November 5, 2007. *See id*.

Prior to the public hearing, but while Morgan remained on administrative leave, he filed the complaint in the 2007 Action. *See id*. at *3-4. Morgan alleged the Township failed to train its employees, that his procedural due process rights were violated, and that Defendants violated the First Amendment by filing criminal charges against him after he

2

requested a public hearing regarding his suspension. *See id*. at *4.

The Township proceeded with Morgan's administrative hearing. *See id*. at *3. Following the completion of the hearing on January 15, 2008, the Board voted to terminate Morgan's employment. *See id*. Morgan, though, did not seek to amend the complaint in the 2007 Action based on his termination. *See Morgan v. Covington Twp.*, 648 F.3d 172, 175-76 (3d Cir. 2011).

On November 24, 2008, following the close of discovery, Defendants filed a motion for summary judgment on all of Morgan's claims. *See Morgan v. Covington Twp.*, *et al*., 3:07-cv-01972, (M.D. Pa. Nov. 24, 2008), ECF No. 22. Defendants' motion was granted with respect to the procedural due process and failure to train claims, but summary judgment was denied as to the retaliation claim. *See Morgan*, 2009 WL 585480. As noted in that opinion, the retaliatory conduct at issue was "whether Plaintiff was referred for criminal investigation in retaliation for his requesting a public hearing regarding his suspension." *See id*. at *12. Trial was then scheduled to commence on April 20, 2009. *See Morgan v. Covington Twp.*, *et al*., 3:07-cv-01972, (M.D. Pa. Mar. 13, 2009), ECF No. 35.

On April 9, 2009, less than two weeks before the 2007 Action was set for trial, Morgan sought to amend his First Amendment retaliation claim to include his termination. *See Morgan*, 648 F.3d at 176. The motion to amend was denied. *See id*.

Later that day, Morgan filed the Complaint in this action, *Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. Apr. 9, 2009), ECF No. 1 ("the 2009 Action"), alleging the Township, Sergeant Klocko, and Yerke terminated his employment because he petitioned the Government for redress and filed the 2007 Action. Although Morgan requested the 2009 Action be consolidated with the 2007 Action for trial, the actions were not consolidated. *See Morgan*, 648 F.3d at 176.

Following a three-day trial on Morgan's retaliation claim in the 2007 Action, the jury

3

found in favor of all three Defendants. The jury first found that the Township and Yerke retaliated against Morgan for exercising his First Amendment right to petition. *See Morgan v. Covington Twp., et al.*, 3:07-cv-01972, (M.D. Pa. Apr. 22, 2009), ECF No. 78. But, the jury found Defendants would have taken the same action against Morgan even if he had not requested a hearing. *See id*. As a result, a judgment was entered in favor of the Township, Sergeant Klocko, and Yerke in the 2007 Action. *See Morgan v. Covington Twp., et al.*, 3:07-cv-01972, (M.D. Pa. Apr. 23, 2009), ECF No. 80. On May 22, 2009, Morgan filed a Notice of Appeal in the 2007 Action.

**B.     The 2009 Action**

As noted, the 2009 Action was commenced against the Township, Sergeant Klocko, and Yerke after Morgan was informed that his termination would not be part of his claim in the 2007 Action. *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. Apr. 9, 2009), ECF No. 1. The single count Complaint alleges that Defendants retaliated against Morgan for petitioning the Government for redress and filing the 2007 Action. *See id*. The lone footnote to the Complaint states: "Morgan believes the termination was a continuing course of retaliatory conduct since it flows from the same initial events triggering the retaliation, . . ." *Id*. However, Morgan filed the Complaint in the 2009 Action to "reserve [sic] his termination claim." *Id*.

Defendants moved to dismiss the 2009 Action. *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. June 10, 2009), ECF No. 7. On November 12, 2009, Defendants' motion to dismiss was granted, and the 2009 Action was dismissed. *See Morgan v. Covington*, 09-cv-0651, 2009 WL 318431 (Nov. 12, 2009). Specifically, Morgan's First Amendment retaliation claim in the 2009 Action was "barred based on claim preclusion." *Id*. at *5. Morgan timely appealed the dismissal of the 2009 Action. *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. Dec. 10, 2009), ECF No. 11.

4

**C.    The Appeals**

The appeals of both actions were consolidated for all purposes by the United States Court of Appeals for the Third Circuit. The Third Circuit affirmed the entry of judgment in favor of Defendants in the 2007 Action, reversed the entry of judgment in favor of Defendants in the 2009 Action, and remanded the 2009 Action for further proceedings. *See Morgan*, 648 F.3 at 181. Significantly, the Third Circuit held:

> *res judicata* does not bar claims that are predicated on events that postdate the filing of the initial complaint, and thus we conclude that the District Court should not have dismissed the complaint in [the 2009 Action].

*Id*. at 178. The Third Circuit also noted that "the concept of issue preclusion emerged at oral argument. In the event that the parties raise this issue on remand, the District Court can decide what, if any, effect the application of issue preclusion has in this case." *Id*. at 178 n.3.

**D.    Defendants' Motion for Summary Judgment**

Consistent with the Third Circuit's decision, the 2009 Action was reinstated and the parties proceeded to discovery. Following the close of discovery, Defendants filed the instant motion for summary judgment. *See Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. Jan. 22, 2013), ECF No. 22. Defendants argue that summary judgment in their favor is mandated under any of three theories. First, Defendants claim summary judgment is necessitated pursuant to the doctrine of collateral estoppel. Second, Defendants argue that judgment in their favor is warranted on the basis of *res judicata*. Although acknowledging the Third Circuit's holding in remanding the action, Defendants maintain that the Third Circuit's decision was without the benefit of discovery. With discovery now complete, Defendants contend that it is clear that Morgan's claim in this case includes no additional evidence outside of that presented in the 2007 Action. Thus, they assert that judgment in their favor is warranted on claim preclusion grounds. Defendants' final

5

argument in support of their motion for summary judgment is that Morgan's retaliation claim is barred by the doctrine of laches.

Morgan, in opposition, argues that collateral estoppel is inapplicable to the instant case because "[t]he factual issue of whether Plaintiff's filing of [the 2007 Action] motivated the Defendants to retaliate against him by firing him was neither litigated nor adjudicated in [the 2007 Action]. Contrary to Defendants' claim, the fact a retaliation claim was litigated in [the 2007 Action] does not preclude the [2009 Action]." *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. Mar. 17, 2013), ECF No. 29, 6-7. As to the application of *res judicata* to this case, Morgan maintains that the Third Circuit expressly concluded that this theory did not bar his retaliation claim. Finally, with respect to laches, Morgan contends that the doctrine does not apply because he brought his 42 U.S.C. § 1983 claim within the applicable statute of limitations period.

Defendants filed a reply brief in support of their motion for summary judgment on April 1, 2013. *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. Apr. 1, 2013), ECF No. 31. As such, the motion for summary judgment has now been fully briefed and is ripe for disposition.

## II. Discussion

### A. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if

proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* 2D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2727 (2d ed.1983). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. at 256–57. The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111

L. Ed. 2d 695 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**B.    Collateral Estoppel**

"Issue preclusion, otherwise known as collateral estoppel, bars relitigation of an issue identical to that in a prior action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993). Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979) (citations omitted). Collateral estoppel protects parties from multiple lawsuits and the possibility of inconsistent decisions, and it conserves judicial resources. *Id*. at 153-54, 99 S. Ct. 970.

The Third Circuit has identified four standard requirements for the application of collateral estoppel: "'(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action.'"

8

*Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 249 (3d Cir. 2006) (quoting *Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201, 209 (3d Cir. 2001)). The Third Circuit has additionally considered whether the party being precluded "had a full and fair opportunity to litigate the issue in question in the prior action," and whether the issue was determined by a final and valid judgment. *Id*. (citing *Seborowski v. Pittsburgh Press Co.*, 188 F.3d 163, 169 (3d Cir. 1999); *AMTRAK v. Pennsylvania PUC*, 288 F.3d 519, 525 (3d Cir. 2002)). For collateral estoppel to apply, each of the four factors set forth above must be satisfied. *See Hawksbill Sea Turtle v. Fed. Emergency Mgmt. Agency*, 126 F.3d 461, 475 (3d Cir. 1997).

With respect to the first factor, "'[i]dentity of the issue is established by showing that the same general rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules.'" *McKenna v. Metro. Life Ins. Co.*, 126 F. App'x 571, 576 (3d Cir. 2005) (quoting *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000)); *see also Anspach ex rel. Anspach v. City of Phila.*, 380 F. App'x 180, 184 (3d Cir. 2010) ("Issues litigated in a prior action have preclusive effect if the controlling facts essential to the judgment remain unchanged in the later action."). The Restatement (Second) of Judgments identifies four factors to consider in determining whether issues are identical: 1) substantial overlap between the evidence or argument to be advanced in the two proceedings, 2) application of the same rule of law, 3) overlap in discovery and pretrial preparation, and 4) how closely related the claims are. *See* Restatement (Second) of Judgments § 27 cmt. c (1982), *cited with approval by Peloro v. United States*, 488 F.3d 163, 176 n. 12 (3d Cir. 2007); *see also Parker v. Yahoo!, Inc.*, No. 07-2757, 2008 WL 4410095, at *2 n.4 (E.D. Pa. Sept. 25, 2008).

Defendants' motion for summary judgment on the basis of collateral estoppel will be denied because the issue in dispute here is not identical to that litigated in the 2007 Action.

9

Although the actions are related, the 2007 Action involved a determination of whether Defendants retaliated against Morgan by referring him for possible prosecution after he requested a public hearing regarding his suspension. Conversely, the issue implicated in the instant case is whether Defendants terminated Morgan's employment in retaliation for his commencing the 2007 Action. Thus, this action differs from the 2007 Action both with respect to Morgan's protected activity and Defendants' alleged retaliatory conduct. Accordingly, the identical issue was not previously adjudicated in the 2007 Action.

The trial transcript from the 2007 Action demonstrates that the issue in dispute in this action was not previously adjudicated. At trial, the following exchange took place during Morgan's opening statement:

| | |
|---|---|
| [Plaintiff's Counsel]: | The third thing that the defendants could have done is they could have, after they found out from two law enforcement agencies that Officer Morgan is cleared of any criminal wrongdoing, they could have just – Sergeant Klocko could have said, you know what, that's wrong. I accused a fellow officer of a crime that he didn't commit, I was wrong. I'm sorry. It could have ended right there. No harm to Officer Morgan. |
| | After– I'm sorry– no harm, we'll apologize, we'll clean his record, no issue, you know, he'll accept an apology because he cares about his job. That's what his motivating reason for being here before you is, his job and false accusations with criminal wrongdoing caused him to lose his position. |
| [Defendants' Counsel]: | Objection, your Honor. Same objection as before. |
| [The Court]: | This case is not– members of the jury, this case is not about termination of employment. This case is about retaliation by turning Officer Morgan over to the state police for an investigation and to the District Attorney of Lackawanna County for an investigation, not about losing his job. The objection is sustained. Proceed. |

Transcript of Record at 25:2-25, *Morgan v. Covington Twp., et al.*, 3:07-cv-01972, (M.D. Pa. Apr. 20, 2009), ECF No. 72. The instructions to the jury at the close of the case were

consistent with this exchange. *See* Transcript of Record at 102:11-104:15, *Morgan v. Covington Twp., et al.*, 3:07-cv-01972, (M.D. Pa. Apr. 22, 2009), ECF No. 86. Specifically, the jury was instructed that Morgan was required to prove that "his protected activity was a motivating factor in the defendant's decision to refer the information of plaintiff's conduct in the Eagle Lake incident to the Pennsylvania State Police and the county district attorney's office." *Id*.

As stated to the jury, the issue in the 2007 Action was whether Defendants referred Morgan for criminal prosecution because he availed himself of a public hearing regarding his suspension. The above quoted passages thus confirm that the main issue in dispute in this case was not "'actually litigated and resolved in a valid court determination'" in the 2007 Action. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 310 (3d Cir. 2009) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)). As such, although these actions raise similar issues, Morgan was not afforded a full and fair opportunity to litigate the issue that he was terminated in retaliation for filing the 2007 Action. Therefore, collateral estoppel does not preclude Morgan from proceeding in this action.

**C.** *Res Judicata*

Defendants next argue that *res judicata* precludes Morgan from relitigating his retaliation claim. "*Res judicata*, also known as claim preclusion, bars a party from initiating a second suit against the same adversary based on the same 'cause of action' as the first suit." *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir. 2010) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)). To invoke *res judicata*, a party must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d at 225 (quotation marks omitted). "The doctrine of *res judicata* bars not only

11

claims that were brought in a previous action, but also claims that could have been brought." *Id*.

According to Defendants, their motion must be granted because "Plaintiff's claim in the present case includes no additional evidence outside of what was presented in [the 2007 Action]," and "there is no issue with regard to claims that postdate the filing of the complaint in the previous action." *Morgan v. Covington Twp.*, *et al.*, 3:09-cv-0651, (M.D. Pa. Apr. 1, 2013), ECF No. 31, 9-10. Morgan responds by emphasizing that the Third Circuit foreclosed Defendants' argument that this case could be disposed of on *res judicata* grounds, and, further, that there are additional facts which support the claim in this action.

Here, Morgan's claim is based on his termination, an event which occurred after the filing of the complaint in the 2007 Action. Consistent with Third Circuit precedent, *res judicata* does not bar Morgan's claim. *See Morgan*, 648 F.3d at 178. Additionally, Defendants have failed to show that there is no genuine dispute of material fact and that they are entitled to judgment as a matter of law on Morgan's First Amendment retaliation claim.

**D.    Laches**

Lastly, Defendants seek summary judgment on Morgan's claim based on the doctrine of laches. In this case, Morgan seeks legal relief in the form of damages and equitable relief in the form of reinstatement and back pay. According to Defendants, laches applies because they "will suffer from economic prejudice if compelled to relitigate issues and claims which have already been litigated, determined, and adjudicated." *Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. Jan. 22, 2013), ECF No. 24, 13. They further contend that Morgan's delay in bringing suit is inexcusable because he is represented by the same counsel as in the 2007 Action who failed to take timely action with respect to Morgan's termination. *See id*.

Laches consists of two elements: "(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *E.E.O.C. v. Great Atl. & Pac. Tea Co.*, 735 F.2d 69, 80 (3d Cir. 1984). The burden of establishing it is on the defendant. *See id*. "As an equitable doctrine, the decision to apply laches is left to the sound discretion of the District Court." *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 134 (3d Cir. 2000) (citing *Gruca v. U.S. Steel Corp.*, 495 F.2d 1252, 1258 (3d Cir. 1974)).

"While statutes of limitations do not directly apply to equitable claims . . . , a limitations period on an analogous claim for legal relief is highly relevant to a laches analysis." *In re Mushroom Transp. Co.*, 382 F.3d 325, 337 (3d Cir. 2005). Accordingly, "'if a statutory limitations period that would bar legal relief has expired, then the defendant in an action for equitable relief enjoys the benefit of a presumption of inexcusable delay and prejudice. In that case, the burden shifts to the plaintiff to justify its delay and negate prejudice.'" *Id*. (quoting *Great Atl.*, 735 F.2d at 80).

Here, Defendants are not entitled to a presumption of laches. "Claims under 42 U.S.C. § 1983 are governed by the state's statute of limitations for personal injury claims." *Mills v. City of Phila.*, 479 F. App'x 414, 415 (3d Cir. 2012) (citing *Pratt v. Thornburgh*, 807 F.2d 355 (3d Cir. 1986)). "The statute of limitations period for a § 1983 claim arising in Pennsylvania is two years." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. § 5524(2)). Because Morgan filed the Complaint in this action within two years of his termination, a presumption of laches does not apply. Defendants therefore retain the burden of demonstrating lack of diligence and prejudice.

Defendants' motion for summary judgment pursuant to the doctrine of laches will be

denied since Defendants have failed to make the necessary showing of prejudice.[1]  "'To establish prejudice, the party raising laches must demonstrate that the delay caused a disadvantage in asserting and establishing a claimed right or defense; the mere loss of what one would have otherwise kept does not establish prejudice.'" *In re Mushroom Transp. Co.*, 382 F.3d at 337 (quoting *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 208 (3d Cir. 1999)).  Stated differently, the party must "show that some change in the condition or relations of the parties occurred during the period in which the plaintiff unreasonably failed to act." *Appel v. Kaufman*, 728 F. Supp. 2d 684, 698 (E.D. Pa. 2010) (citing *Leedom v. Thomas*, 473 Pa. 193, 373 A.2d 1329 (1977)).

The only theory of prejudice advanced by Defendants relates to their expenditure of funds to defend both this lawsuit and the 2007 Action.  This reason alone is insufficient to satisfy Defendants' burden of demonstrating prejudice from Morgan's delay.  While being required to defend a second lawsuit brought by Morgan is clearly inconvenient, Defendants have not explained how Morgan's delay caused any disadvantage in defending this action or how their position changed during the period Morgan failed to act.  Accordingly, the doctrine of laches will not prevent Morgan's claim from proceeding to trial.

### III. Conclusion

For the above stated reasons, Defendants' motion for summary judgment will be denied.

An appropriate order follows.

May 22, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[1] Because Defendants have failed to establish prejudice, whether Morgan unreasonably delayed in bringing the 2009 Action need not be resolved.

14