**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM A. MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COVINGTON TOWNSHIP, SGT. BERNARD KLOCKO, Individually, THOMAS M. YERKE, Township Chairman, Individually,<br><br>    Defendants. | CIVIL ACTION NO. 3:CV-09-0651<br><br>(JUDGE CAPUTO) |

## **MEMORANDUM**

Presently before the Court is the Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c)(2) (Doc. 105) filed by Defendants Covington Township (the "Township"), Sergeant Bernard Klocko ("Sergeant Klocko"), and Thomas Yerke ("Yerke") (collectively, "Defendants"). Because Defendants did not timely file their Rule 11 motion, the motion for sanctions will be denied.

## **I. Background**

Plaintiff William Morgan ("Morgan"), a former Covington Township Police Officer, commenced this action on April 9, 2009. Morgan's Complaint was based on his claim that the Township, Sergeant Klocko, and Yerke terminated his employment because he had petitioned the Government for redress and filed a prior lawsuit in this Court against the same Defendants. *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. Apr. 9, 2009), ECF No. 1.

On June 10, 2009, Defendants moved to dismiss this action. *See Morgan v. Covington Twp., et al.*, 3:09-cv-0651, (M.D. Pa. June 10, 2009), ECF No. 7. On November 12, 2009, Defendants' motion to dismiss was granted, and the action was dismissed. *See Morgan v. Covington*, 09-cv-0651, 2009 WL 318431 (M.D. Pa. Nov. 12, 2009). Specifically, Morgan's First Amendment retaliation claim in the 2009 Action was "barred based on claim

preclusion." *Id*. at *5.  Morgan timely appealed the dismissal of the Complaint. *See Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. Dec. 10, 2009), ECF No. 11.

The Third Circuit, on August 2, 2011, reversed the entry of judgment in favor of Defendants and remanded the case to this Court for further proceedings. *See Morgan v. Covington Twp.*, 648 F.3d 172 (3d Cir. 2011).  Consistent with the Third Circuit's decision, this action was reinstated and the parties proceeded to discovery.  Following the close of discovery, Defendants filed a motion for summary judgment. *See Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. Jan. 22, 2013), ECF No. 22.  Defendants' motion for summary judgment was denied. *See Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. May 22, 2013), ECF Nos. 36, 37.  Thereafter, Defendants filed a motion for judgment on the pleadings, arguing that Morgan's allegations of protected conduct were not matters of public concern. *See Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. May 31, 2013), ECF No. 39.  The motion for judgment on the pleadings was denied because "the motion was not filed early enough to avoid a delay of trial." *Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. June 14, 2013), ECF No. 47.

The case proceeded to trial on July 15, 2013.  On July 16, 2013, at the close of Morgan's case, Defendants' motion pursuant to Rule 50 of the Federal Rules of Civil Procedure was granted because Plaintiff's petitioning activities were not a matter of public concern.  Judgment was entered in favor of Defendants and against Morgan the next day. *See Morgan v. Covington Twp.*, *et al*., 3:09-cv-0651, (M.D. Pa. July 17, 2013), ECF No. 103.

In the meantime, while the appeal of the order dismissing Morgan's Complaint was pending in the Third Circuit, the United States Supreme Court, on June 20, 2011, decided *Borough of Duryea v. Guarnieri*, - - - U.S. - - -, 131 S. Ct. 2488, 180 L. Ed. 2d (2011).  In *Guarnieri*, the Supreme Court held that a government employee's claim under the Petition

Clause is subject to the public concern test applicable to a government employee who files a Free Speech Clause claim. *See id*. at 2500-01. The plaintiff in *Guarneiri* was represented in the trial court by the same attorney representing Morgan in this action.

Based on the foregoing, Defendants filed the instant motion for sanctions pursuant to Rule 11(c) on August 5, 2013. *See Morgan v. Covington Twp.*, *et al.*, 3:09-cv-0651, (M.D. Pa. Aug. 7, 2013), ECF No. 105.[1] According to Defendants, Rule 11 sanctions are warranted against Morgan's counsel because the claim in this action was no longer viable following the Supreme Court's decision in *Guarnieri*. And, since Morgan's counsel refused to acknowledge that *Guarnieri* precluded the claim in this action, Defendants argue that sanctions should be awarded to prevent Morgan's counsel from engaging in similar conduct in the future and to compensate Defendants for the attorney's fees incurred in defending this litigation. The motion for sanctions has been fully briefed and is ripe for disposition.

## II. Discussion

Rule 11(b) of the Federal Rules of Civil Procedure provides:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

. . . .

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . .

Fed. R. Civ. P. 11(b). Under Rule 11(c), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Sanctions imposed under Rule 11,

---

[1] Morgan filed a Notice of Appeal on August 12, 2013. *See Morgan v. Covington Twp.*, *et al.*, 3:09-cv-0651, (M.D. Pa. Aug. 12, 2013), ECF No. 108.

3

however, "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may "include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id*. But, monetary sanctions may not be imposed "against a represented party for violating Rule 11(b)(2)." Fed. R. Civ. P. 11(c)(5)(A).

In *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 92 (3d Cir. 1988), the Third Circuit "adopt[ed] a supervisory rule that counsel seeking Rule 11 sanctions must file their motions before entry of final judgment in the district court." The supervisory rule was adopted to eliminate piecemeal appeals and to conserve judicial resources. *See id*. at 92, 99. The Third Circuit also noted that the supervisory rule was intended to ensure prompt action by litigants to remedy Rule 11 violations. *See id*. at 99. Thus, the supervisory rule requires "that all motions requesting Rule 11 sanctions be filed in the district court before the entry of a final judgment. Where appropriate, such motions should be filed at an earlier time- as soon as practicable after discovery of the Rule 11 violation." *Id*. at 100. Furthermore, it is well-settled that a district court, following the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as Rule 11 motions. *See In re Shaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008) (citing *Pensiero*, 847 F.2d at 98).

Defendants' motion for sanctions will be denied. Here, as Defendants' motion for sanctions was filed after judgment was entered in favor of Defendants following their Rule 50 motion at trial, the Rule 11 motion is untimely. *See, e.g., Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, No. 05-CV-404, 2006 WL 709799, at *6 (E.D. Pa. Mar. 13, 2006) (Rule 11 motion filed after order granting the defendant's motion to dismiss was not timely); *Robert S. v. City of Philadelphia*, No. 97-6710, 2001 WL 1021190, at *5 (E.D. Pa. Sept. 4, 2001) (Rule 11 motion filed by the defendants following jury verdict in their favor

was untimely). In addition, Defendants did not file their motion as soon as practicable after the alleged Rule 11 violation became apparent. *Guarnieri* was decided on June 20, 2011. Defendants first raised the applicability of *Guarnieri* in this action on May 31, 2013 when they filed their motion for judgment on the pleadings. One week later, on June 7, 2013, Defendants' Rule 11 motion and supporting brief were served on Morgan's counsel. The Rule 11 motion was subsequently filed on August 5, 2013. In view of the fact that *Guarnieri* was decided over two years before the Rule 11 motion was docketed in this action, it cannot be said that Defendants' motion for sanctions was filed "as soon as practicable after discovery of the Rule 11 violation." *Pensiero*, 847 F.2d at 100. Thus, Defendants' motion for sanctions is untimely.[2]

### III. Conclusion

For the above stated reasons, Defendants' motion for sanctions will be denied.

An appropriate order follows.

August 27, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

---

[2] Defendants also argue that sanction under 28 U.S.C. § 1927 are not subject to the *Pensiero* rule. While Defendants are correct, *see, e.g., Lewis v. Smith*, 480 F. App'x 696, 699 (3d Cir. 2012) ("Section 1927 sanctions are not untimely if sought or imposed after final judgment, . . . so long as a motion for sanctions is filed within a reasonable time."), Defendants' motion for sanctions was brought pursuant to Rule 11 and not § 1927. As such, to the extent that Defendants now request the imposition of sanctions under § 1927, Defendants' arguments will not be considered because they were raised for the first time in a reply brief. *Dreyer v. Sheaffer*, No. 08-CV-1132, 2009 WL 917829, at *3 (M.D. Pa. Apr. 2, 2009) ("a district court need not address issues raised for the first time in a reply brief."). Moreover, even if Defendants' belated arguments are considered, Defendants fail to make the necessary showing of bad faith or intentional misconduct to justify sanctions under § 1927. *See LaSalle Nat'l Bank v. First Connecticut Holding Group,* 287 F.3d 279, 288 (3d Cir. 2002) (§ 1927 "limits attorney sanctions imposed thereunder to those situations where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct.").